UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRONTE CORNISH,                         :
        Plaintiff,                      :
                                        :
    v.                                  :       CA 05-343 M
                                        :
JO ANNE B. BARNHART,                    :
COMMISSIONER,                           :
SOCIAL SECURITY ADMINISTRATION,         :
        Defendant.                      :

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff
Bronte Cornish ("Plaintiff") for judicial review of the decision
of the Commissioner of Social Security ("the Commissioner"),
denying Disability Insurance Benefits ("DIB") and Supplemental
Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the
Social Security Act, as amended, 42 U.S.C. §§ 405(g) and
1383(c)(3) ("the Act").  Defendant Jo Anne B. Barnhart
("Defendant") has filed a motion under sentence four of 42 U.S.C.
§ 405(g) for remand of the matter to the Commissioner.

    With the consent of the parties, the case has been referred
to a magistrate judge for all further proceedings and the entry
of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.
Civ. P. 73.  I find that remand to the Commissioner is
appropriate.  Accordingly, I order that Defendant's Assented to
Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §
405(g) with Reversal and Remand of the Cause to Defendant
(Document ("Doc.") #15) ("Motion for Judgment and Remand") be
granted and that Plaintiff's Motion for Summary Judgment (Doc.
#12) be granted to the extent that the matter be remanded for
further administrative proceedings in accordance with this
Memorandum and Order.

## Facts and Travel

Plaintiff, who was fifty years old at the time the administrative law judge ("ALJ") issued her decision,[1] has a seventh grade education and past relevant work experience as a certified nursing associate, a medical technician, a jewelry preparer, and a babysitter. (Record ("R.") at 12-13)   She alleges that she is disabled due to fibromyalgia, hearing loss, asthma, arthritis, anxiety, depression, and auditory hallucinations.   (R. at 13)

Plaintiff filed an application for DIB on April 18, 2000.[2] (R. at 12)   The application was denied initially, and Plaintiff did not file an appeal.   (Id.)   Thereafter, on August 6, 2002, Plaintiff filed an application for SSI.   (Id.)   That application was denied initially and on reconsideration, and a request for hearing before an ALJ was timely filed.   (Id.)   A hearing was conducted on August 25, 2004, at which Plaintiff, represented by counsel, appeared and testified.   (Id.)   A vocational expert also testified.   (Id.)   At the hearing, Plaintiff amended her alleged onset date to November 18, 1999, and requested that her April 18, 2000, DIB application be reopened.[3]   (Id.)   The ALJ issued a decision on October 26, 2004, in which she found Plaintiff not disabled and, therefore, not entitled to DIB based on the application filed on April 18, 2000, or eligible for SSI based on

---

[1] The administrative law judge ("ALJ") noted that during the time period from November 28, 1999, through July 16, 2004, she was "a younger individual age 45-49." (Record ("R.") at 12-13)

[2] Plaintiff states that she also filed an application for Supplemental Security Income ("SSI") on April 18, 2000. See Plaintiff's Memorandum in Support of Her Motion for Summary Judgment ("Plaintiff's Mem.") at 2. That application does not appear in the record. See id.

[3] According to Plaintiff, at the August 25, 2004, hearing she also requested that the April 18, 2000, SSI application be reopened. See Plaintiff's Mem. at 2.

application filed on April 18, 2000, or eligible for SSI based on
the application filed on August 6, 2002.[4]   (R. at 12-21)
Plaintiff requested review by the Appeals Council, (R. at 8),
which on June 10, 2005, denied review, (R. at 3-5), thereby
rendering the ALJ's decision the final decision of the
Commissioner, (R. at 3).

   Plaintiff filed a Complaint (Doc. #1) in this Court on
August 11, 2005.  Defendant on October 21, 2005, filed her Answer
(Doc. #4).  Pursuant to the consent of the parties, the case was

------------

   [4] To qualify for Disability Insurance Benefits ("DIB"), a
claimant must meet certain insured status requirements, be younger
than sixty-five years of age, file an application for benefits, and be
under a disability as defined by the Act.  See 42 U.S.C. § 423(a)
(2005).  The ALJ found that Plaintiff met the nondisability
requirements set forth in Section 216(i) of the Social Security Act,
see 42 U.S.C. § 416(i) (2005), and that Plaintiff was insured through
March 31, 2000, (R. at 13, 20).  An individual is eligible to receive
SSI if she is aged, blind, or disabled and meets certain income
requirements.  See 42 U.S.C. § 1382(a) (2005).
   Following the familiar sequential evaluation, see 20 C.F.R.
§§ 404.1520, 416.920 (2005); see also Bowen v. Yuckert, 482 U.S. 137,
140-42, 107 S.Ct. 2287, 2291 (1987); Seavey v. Barnhart, 276 F.3d 1, 5
(1st Cir. 2001), the ALJ determined: that Plaintiff had not engaged in
substantial gainful employment since the alleged onset of her
disability; that Plaintiff's schizoaffective disorder, fibromyalgia,
asthma, and borderline intellectual functioning were severe
impairments, but that they did not meet or medically equal a listed
impairment; that Plaintiff's allegations regarding her limitations
were not totally credible; that Plaintiff had the residual functional
capacity to perform work at all exertional levels with no concentrated
exposure to pulmonary or environmental irritants and a moderate
limitation in concentration and the ability to respond to customary
work pressures as well as a need for minimal work-related interaction
with co-workers and the public; that Plaintiff's past relevant work as
a jewelry preparer and babysitter did not require the performance of
work-related activities precluded by her residual functional capacity
and that, accordingly, her impairments did not prevent her from
performing her past relevant work; that even if Plaintiff were unable
to perform her past relevant work, she could work as an assembler,
inspector, production laborer, and machine tender, positions which
existed in significant numbers in the Rhode Island and Southeastern
Massachusetts region; and that, therefore, Plaintiff was not under a
disability at any time through the date of the decision.  (R. at 20-
21)

subsequently referred to this Magistrate Judge.  <u>See</u> Order of Reference dated November 23, 2005 (Doc. #5).  Plaintiff's Motion for Summary Judgment (Doc. #12) was filed on April 27, 2006.  On June 2, 2006, Defendant filed her Motion for Judgment and Remand (Doc. #15).

## Discussion

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2005).  Defendant states that:

> Following consideration by the Appeals Council, the Commissioner has determined that remand is warranted in this case.  The administrative law judge ("ALJ") failed to address or provide a rationale for rejecting medical source opinions and failed to evaluate Plaintiff's mental impairments pursuant to 20 C.F.R. §§ [404.1520a and 416.920a].  Further, Plaintiff has been found disabled on a subsequent application.

Memorandum of Law in Support of Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant ("Defendant's Mem.") at 1.  Defendant therefore requests that the Court enter a judgment reversing the ALJ's decision and remanding the matter to the Commissioner for further administrative proceedings.[5]  <u>See</u>

---

[5] Defendant's counsel represents that Plaintiff's counsel has assented to remand of the case for further administrative proceedings. <u>See</u> Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant; Memorandum of Law in Support of Defendant's Assented to Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant at 2.

4

id. at 2; see also Motion for Judgment and Remand.  Defendant
represents that Plaintiff's counsel has been contacted and
assents to remand.  See Defendant's Mem. at 2.

The Court agrees that remand is warranted.  Accordingly, I
order that the matter be remanded to the Commissioner for further
administrative proceedings.  On remand, the Commissioner is
directed to instruct an ALJ to: (1) address the medical source
opinions in the record and provide a rationale if she rejects any
opinion and (2) evaluate Plaintiff's mental impairments pursuant
to 20 C.F.R. §§ 404.1520a and 416.920a.  See id.  In addition,
the Commissioner shall instruct the Appeals Council to obtain
Plaintiff's subsequent application file and determine the effect
of the favorable determination of that application on this case.
See id.

### Conclusion

Defendant's Motion for Judgment and Remand is hereby
granted.  Plaintiff's Motion for Summary Judgment is also granted
to the extent that the matter be remanded for further proceedings
consistent with this Memorandum and Order.  I order that judgment
be entered for Plaintiff, that the Commissioner's decision be
reversed, and that the matter be remanded to the Commissioner for
further administrative proceedings as outlined above.

So ordered.

ENTER:                              BY ORDER:

_____     _____
DAVID L. MARTIN                     Deputy Clerk
United States Magistrate Judge
June 20, 2006